UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07-CR-0212(1) (PJS/JSM) |
| | Case No. 13-CV-0522 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL FIORITO, | |
| Defendant. | |

In March 2013, defendant Michael Fiorito filed a petition under 28 U.S.C. § 2255 to vacate his mail-fraud convictions. ECF No. 503. After extensive proceedings—including multiple amendments of the petition, numerous pro se motions, appointment of counsel for Fiorito, appointment of substitute counsel for Fiorito (after he became dissatisfied with his original counsel), extensive briefing, and a lengthy evidentiary hearing—the Court rejected Fiorito's § 2255 petition in a 45-page order filed on May 14, 2015. ECF No. 588. Fiorito appealed, and the Eighth Circuit affirmed on May 3, 2016.

Two months later, Fiorito filed the motion that is now before the Court—a motion that Fiorito characterizes as a motion to amend or supplement his original § 2255 petition. ECF No. 600. In substance, however, what Fiorito seeks is permission to file a second or successive habeas petition. For the reasons that follow, Fiorito's motion is denied.

"Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal." *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993). "[I]nterests of finality dictate that leave to amend should be less freely available after a final order has been entered." *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009). A motion for leave to amend after judgment has been entered will not be granted unless the motion "is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014).

Fiorito's motion to amend fails to meet those "stringent standards." Rule 59 of the Federal Rules of Civil Procedure allows for the alteration or amendment of a judgment, but Rule 59(e) requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The judgment in Fiorito's § 2255 proceeding was entered on May 15, 2015. *See* ECF No. 590. Fiorito's motion to amend appears to have been filed on June 22, 2016.[1] Fiorito's request to amend is therefore over a year too late under Rule 59(e).

---

[1]Under the "prison mailbox rule"—embodied in Rule 3(d) of the Rules Governing Section 2255 Cases for the United States District Courts—a motion filed by an inmate is generally deemed to be filed on the date that it is "deposited in the institution's internal mailing system . . . ." Given that Fiorito's motion was dated June 22, 2016, it is safe to assume that the motion was filed on or after that date.

Rule 60(b) provides that the Court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fiorito fares no better under these standards than he did under the standards that apply to Rule 59(e) motions. Motions under Rule 60(b)(1), (2), or (3) must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Fiorito's motion—which, as noted, was filed 13 months after the entry of judgment in the § 2255 proceeding—is therefore too late to seek relief under Rule 60(b)(1), (2), or (3).

Fiorito may also not receive relief under Rule 60(b)(4) or (5). Fiorito does not argue that the judgment entered in his § 2255 proceeding is wholly void such that

Rule 60(b)(4) may be invoked. And far from being reversed or vacated, the judgment in Fiorito's § 2255 proceeding was (as noted) affirmed by the Eighth Circuit. *See Fiorito v. United States*, 821 F.3d 999 (8th Cir. 2016). Fiorito is thus unable to invoke Rule 60(b)(5).

That leaves only Rule 60(b)(6)—"any other reason that justifies relief"—as a possible basis for permitting Fiorito to amend his § 2255 petition. "[R]elief under Rule 60(b)(6) . . . requires a showing of extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (quotation omitted). Fiorito alleges in his motion to amend that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), calls into question the validity of several of the United States Sentencing Guidelines that were applied in his case, and Fiorito further alleges that he could not have raised arguments based on *Johnson* while his § 2255 petition was pending.

Even if Fiorito were correct, a favorable change in law following entry of judgment does not constitute an extraordinary circumstance sufficient to invoke Rule 60(b)(6). *See Gonzalez*, 545 U.S. at 536-37. But Fiorito is not correct.

In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. But neither the ACCA (18 U.S.C. § 924(e)) nor the closely related career-offender guidelines (U.S.S.G. §§ 4B1.1-4B1.2) have anything to do with Fiorito's case. The ACCA applies to those convicted of

unlawfully possessing a firearm; Fiorito was convicted of mail fraud. And Fiorito was not found to be a career offender under the Sentencing Guidelines.

Moreover, in striking down the ACCA's residual clause, *Johnson* relied on "[t]he prohibition of vagueness in criminal statutes." 135 S. Ct. at 2556-57. The Supreme Court described this prohibition as "'a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law . . . .'" *Id.* at 2557 (quoting *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926)). This same "prohibition of vagueness" was "well-recognized" decades before Fiorito was convicted and sentenced. In other words, a vagueness challenge to the Guidelines cited by Fiorito would be analyzed today (post-*Johnson*) precisely as that challenge would have been analyzed at the time that Fiorito was sentenced (pre-*Johnson*). *Johnson* changed nothing as far as Fiorito is concerned. Rule 60(b)(6) therefore does not offer Fiorito an avenue for relief from the judgment.

Because Fiorito's post-judgment motion to amend fails under both Rule 59(e) and Rule 60(b), it must be denied. There are, however, two additional grounds for denial of the motion.

First, petitions under § 2255 generally must be filed within one year of the date that the criminal judgment becomes final.[2] *See* 28 U.S.C. § 2255(f)(1). The criminal

---

[2]Section 2255(f)(3) provides that the limitations period may be extended to one
(continued...)

judgment in Fiorito's case became final on March 5, 2012, when Fiorito's petition for certiorari was denied by the United States Supreme Court. *See* ECF No. 483. Fiorito's original § 2255 petition was timely, but his pending motion to amend (which was filed on or after June 22, 2016) was filed several *years* after the criminal judgment became final.

"Claims made in an untimely filed motion under § 2255 may be deemed timely if they relate back to a timely filed motion as allowed by Federal Rule of Civil Procedure 15(c)." *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010). An amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). In examining whether an amendment to a § 2255 petition relates back, courts look at the closeness of the newly raised claims to the claims raised in the original petition. *See Taylor v. United States*, 792 F.3d 865, 870 (8th Cir. 2015).

---

²(...continued)
year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." *Johnson* created a new right, and that right has been made retroactively applicable to ACCA cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). But, for the reasons described above, the new right created by *Johnson* has nothing to do with Fiorito's case. Thus, § 2255(f)(3) does not help Fiorito. *Cf. Donnell v. United States*, 826 F.3d 1014, 1016-17 (8th Cir. 2016) (discussing 28 U.S.C. § 2255(h)(2)).

Here, the claim that Fiorito seeks to bring bears no relationship to the claims that he brought in his original § 2255 petitions. Not one of the nineteen claims for post-conviction relief made by Fiorito in his petition in any way asserted, implicated, suggested, or even hinted at the claim raised in his motion to amend—i.e., the claim that certain of the Sentencing Guidelines that were applied to him are void for vagueness. Fiorito's motion to amend therefore does not relate back to the original petition and is barred by the limitations period set forth in § 2255(f)(1).

Second, although labeled as a motion to amend his original petition, Fiorito's motion—which seeks to correct his sentence on grounds not previously raised—is more appropriately characterized as a second or successive petition for relief under § 2255. Under § 2255(h), "[a] second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." A defendant cannot evade the bar on second or successive habeas petitions simply by labeling such a petition as a motion to amend a long-ago-rejected petition. And indeed, although Fiorito resists the characterization of his "motion to amend" as a second or successive petition under § 2255, he nevertheless applied to the Eighth Circuit for authorization. The Eighth Circuit recognized Fiorito's petition as requiring authorization and denied his request. *See* ECF No. 604. That denial is the end of the matter, as this Court cannot consider a second or successive petition without

authorization from the Eighth Circuit, and neither this Court nor any other court may reevaluate the denial of authorization by a court of appeals.  *See* 28 U.S.C. § 2244(b)(3)(E).

Fiorito needs to accept that he has reached the end of the road.  His conviction has become final.  His § 2255 petition was denied, and that denial was affirmed on appeal.  Unless the Eighth Circuit authorizes him to submit another petition, Fiorito may not again seek relief from this Court under § 2255.

For the reasons explained above, Fiorito's motion to amend is denied.  His motion for appointment of counsel [ECF No. 601] and request to hold his motion in abeyance [ECF No. 603] are also denied, as it is clear that the Court lacks authority to grant the relief sought by Fiorito in his motion and thus neither appointment of counsel nor abeyance of these proceedings will benefit Fiorito.  To the extent that a certificate of appealability is needed to appeal this order, *see* 28 U.S.C. § 2253(c)(1)(B), such a certificate will not be issued, as it is highly unlikely that any other court, including the Eighth Circuit, would deem this Court's disposition of Fiorito's motion debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Michael Fiorito's motion to amend [ECF No. 600] is DENIED.

2. Fiorito's motion to appoint counsel [ECF No. 601] is DENIED.

3. Fiorito's motion to hold in abeyance [ECF No. 603] is DENIED.

4. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 15, 2016         s/Patrick J. Schiltz
                                  Patrick J. Schiltz
                                  United States District Judge