UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL FIORITO,<br><br>  Defendant. | Case Nos. 07-CR-0212(1) (PJS/JSM)<br>18-CV-0786 (PJS)<br><br><br>ORDER |

Defendant Michael Fiorito was convicted by a jury of mail fraud and conspiracy to commit mail fraud. The Court sentenced him to 270 months' imprisonment, and his conviction and sentence were affirmed on direct appeal. *United States v. Fiorito*, 640 F.3d 338 (8th Cir. 2011).

Fiorito then sought relief under 28 U.S.C. § 2255. ECF No. 503. The Court denied that motion, but granted Fiorito a certificate of appealability as to one issue. ECF No. 588. Fiorito sought reconsideration and expansion of the certificate of appealability, which the Court denied. ECF Nos. 591, 592. The United States Court of Appeals for the Eighth Circuit affirmed the denial of § 2255 relief. *Fiorito v. United States*, 821 F.3d 999 (8th Cir. 2016).

Fiorito next filed a motion to amend or supplement his original § 2255 motion—that is, the motion whose denial the Eighth Circuit had already affirmed. ECF No. 600. The Court denied Fiorito's motion to amend, in part because it was a

transparent attempt to bring a second or successive § 2255 motion, and he had not received the necessary authorization from the Eighth Circuit. ECF No. 606. The Eighth Circuit denied Fiorito's application for a certificate of appealability and dismissed his appeal. ECF No. 619. In the meantime, Fiorito sought permission from the Eighth Circuit to file a second or successive § 2255 motion, which the Eighth Circuit also denied.[1]  ECF Nos. 604, 605.

Recently, Fiorito began filing a series of documents relating to an attempt to bring two more § 2255 motions. In March 2018, the Court received a letter and accompanying motion from Fiorito referring to a new § 2255 motion that he had purportedly sent to the Court that, according to Fiorito, was based on *Buck v. Davis*, 137 S. Ct. 759 (2017). ECF No. 627. The letter explained that Fiorito anticipated that the new § 2255 motion would be assigned to the undersigned and asked that, in that event, the Clerk's Office docket the accompanying motion, which requested that the Court hold the § 2255 motion in abeyance pending Fiorito's preparation of a motion for the undersigned to recuse. Fiorito requested 45 days to submit a recusal motion. ECF No. 627 at 9.

---

[1]This procedural history omits the numerous miscellaneous post-judgment motions that Fiorito has filed over the years, including a December 2016 motion for the undersigned to recuse, which the Court denied. ECF Nos. 617, 618.

The Clerk's Office returned Fiorito's letter and accompanying motion to him, explaining that it had not received the § 2255 motion to which these documents referred.  ECF Nos. 628, 629.  In response, Fiorito sent a copy of his new § 2255 motion invoking *Buck v. Davis* along with a cover letter again requesting that his § 2255 motion be held in abeyance until he could submit a recusal motion.  ECF No. 630.  The Court therefore let the matter remain pending in anticipation of the recusal motion.

Fiorito has yet to submit a recusal motion.  But a little over two weeks ago, the Court received a set of documents from Fiorito that included (1) exhibits to his *Buck v. Davis* § 2255 motion and (2) a letter to Clerk's Office staff asking for the file numbers for his *Buck v. Davis* § 2255 motion and for yet another § 2255 motion based on *Nelson v. Colorado*, 137 S. Ct. 1249 (2017).  ECF Nos. 632, 633.  About a week later, the Court received a motion from Fiorito again requesting the file numbers for the two new § 2255 motions and inquiring about their status.  ECF No. 634.

In sum, there are now two motions pending before the Court: (1) Fiorito's § 2255 motion under *Buck v. Davis*; and (2) Fiorito's motion requesting a status update and the file numbers for his *Buck v. Davis* § 2255 motion and yet another § 2255 motion that Fiorito purportedly filed invoking *Nelson v. Colorado*.  The Court addresses each of these motions in turn.

### A. *Buck v. Davis* § 2255 Motion

As noted, Fiorito requested that the Court hold his *Buck v. Davis* § 2255 motion in abeyance for 45 days so that he could submit a motion asking the undersigned to recuse. The Court therefore stayed its hand in anticipation of a recusal motion. More than 45 days have passed and no recusal motion has been filed, despite the fact that Fiorito has been able to file several other documents and apparently prepared yet another § 2255 motion. Moreover, in December 2016 the Court denied Fiorito's earlier motion for recusal because it was extremely untimely and because it was frivolous. ECF No. 618. Nothing has changed in the interim, and the Court continues to be unaware of any grounds for recusal. The Court will therefore address Fiorito's *Buck v. Davis* § 2255 motion.

Fiorito has already litigated and lost a motion under 28 U.S.C. § 2255. He is therefore barred from bringing another one unless he obtains permission from the United States Court of Appeals for the Eighth Circuit. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). It does not matter that Fiorito purports to base his motion on a new Supreme Court case; he must still obtain the required authorization. *Cf. Donnell v. United States*, 826 F.3d 1014 (2016) (denying authorization to bring a second or successive § 2255 motion purportedly premised on *Johnson v. United States*, 135 S. Ct. 2551 (2015)).

When faced with a second or successive § 2255 motion for which the defendant has not obtained the necessary authorization, a district court has discretion to transfer the motion to the appropriate court of appeals. *Cf. Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002) (per curiam). The Court will not do so in this case, however, because Fiorito's motion appears meritless. Among other problems, Fiorito's motion is extremely unlikely to meet the standard of § 2255(h)(2), which requires the successive motion to be based on a new, previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. The Court therefore denies Fiorito's *Buck v. Davis* § 2255 motion without prejudice. If Fiorito obtains appropriate authorization from the Eighth Circuit, he may refile the motion.

### B. Motion for Status Update and File Numbers

Fiorito's motion for a status update and file numbers is granted. By this order, the Court is notifying Fiorito of the status of his *Buck v. Davis* § 2255 motion: It is denied without prejudice. With respect to Fiorito's other purported § 2255 motion based on *Colorado v. Nelson*: The Court has never received any such motion and therefore no such motion is pending before the Court. Fiorito is warned again—as he has already been warned on multiple occasions—that he cannot file a new § 2255 motion without the prior authorization of the Eighth Circuit. If Fiorito wants to file a § 2255 motion based on *Colorado v. Nelson*, his first stop should be the Eighth Circuit, not this Court.

As for file numbers: Under Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts, all motions under 28 U.S.C. § 2255 must be filed and entered on the criminal docket in which the challenged judgment was entered. The relevant file number in this Court for all of Fiorito's § 2255 motions is therefore the same as that of his criminal case (07-CR-0212(1) (PJS/JSM)). For administrative tracking purposes, the Clerk's Office opens a new civil file for each § 2255 motion; however, no docketing occurs in the civil file, and it is unnecessary for a defendant to refer to it.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion under 28 U.S.C. § 2255 and *Buck v. Davis*, 137 S. Ct. 759 (2017) [ECF No. 630] is DENIED WITHOUT PREJUDICE.

2. To the extent a certificate of appealability is necessary, no certificate will issue.

3. Defendant's motion for status update and file numbers [ECF No. 634] is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 23, 2018                              s/Patrick J. Schiltz                              
                                                   Patrick J. Schiltz
                                                   United States District Judge