UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07-CR-0212 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL FIORITO, | |
| Defendant. | |

David J. MacLaughlin, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Michael Fiorito, pro se.

Defendant Michael Fiorito is serving a 270-month sentence after being convicted by a jury of six counts of mail fraud and one count of conspiracy to commit mail fraud. ECF Nos. 277, 436.  Fiorito's convictions and sentence were affirmed on direct appeal. ECF No. 472.  Fiorito then sought post-conviction relief under 28 U.S.C. § 2255, ECF No. 503, which this Court denied, ECF No. 588, and the Eighth Circuit affirmed, ECF No. 598.  Most recently, Fiorito filed two motions for compassionate release, ECF Nos. 650, 658, which this Court denied, ECF No. 671, and the Eighth Circuit affirmed, ECF No. 682.  This matter is now before the Court on Fiorito's motion under Fed. R. Civ. P. 60(b)(6) to "re-open" his motions for compassionate release.  ECF No. 683 at 1.  For the reasons that follow, the Court denies Fiorito's motion.

Before turning to the merits of the motion, the Court first considers whether relief under Rule 60(b) is even available to Fiorito.  Rule 60(b) is, of course, a rule of *civil* procedure, yet Fiorito is moving for relief from an order entered in a *criminal* proceeding.  For this reason, several circuits have held that a defendant cannot use Rule 60(b) to challenge the denial of a motion for a sentence reduction under 18 U.S.C. § 3582.  *See United States v. Birt*, 537 F. App'x 34, 35 (3d Cir. 2013) ("A Rule 60(b) motion cannot be used to challenge the denial of a motion filed pursuant to 18 U.S.C. § 3582 because the Federal Rules of Civil Procedure [d]o not apply to criminal proceedings."); *United States v. Booker*, 352 F. App'x 102, 103 (7th Cir. 2009); *United States v. McCalister*, 601 F.3d 1086, 1087 (10th Cir. 2010); *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *see also United States v. Goodwyn*, 596 F.3d 233, 235 n.* (4th Cir. 2010) (noting generally that "the Federal Rules of *Civil* Procedure do not apply to motions under § 3582" (emphasis in original)).  *But see United States v. Walker*, 394 F. App'x 2 (4th Cir. 2010) (reviewing a district court's denial of a Rule 60(b) motion to reconsider the denial of a § 3582 motion without considering the availability of Rule 60(b)); *United States v. Arthur*, 397 F. App'x 976 (5th Cir. 2010) (same).

Although the Eighth Circuit has yet to address this issue, this Court has previously determined that a defendant cannot use Rule 60(b) to challenge an order disposing of a motion under § 3582(c)(2).  *See United States v. Brown*, No. 4:96-CR-

0064(2)(PJS), 2012 WL 5874623, at *1 (D. Minn. Nov. 20, 2012) ("Brown now moves the Court for an 'Order Reopening Title 18 U.S.C. § 3582(c)(2) Proceedings pursuant to Federal Rules of Civil Procedure, Rule 60(b)(6)[]' . . . but Rule 60(b)—a rule of *civil* procedure—is inapplicable to Brown's *criminal* matter and thus offers no relief." (emphasis in original)).  This Court continues to believe that Rule 60(b) cannot be used to challenge a ruling on a motion for a sentence reduction under § 3582.  Fiorito's motion is therefore denied.

Even if the Court is incorrect and Rule 60(b) is available to Fiorito, the Court would nevertheless deny his motion.  "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *In re Levaquin Prods. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014) (internal quotations and citation omitted).  Fiorito's motion does not cite any such exceptional circumstances.  Instead, Fiorito rehashes arguments that the Court has already rejected and raises arguments and evidence that he has not previously presented to this Court or to the Bureau of Prisons ("BOP").[1]

As to the old arguments:  Fiorito has already presented those arguments to the Court, ECF Nos. 650, 658, they have already been rejected, ECF No. 671, and that

---

[1] For example, Fiorito raises new evidence about his grandson, new medical concerns like macular degeneration, and new legal issues that he says were previously "overlooked." ECF No. 683 at 2–9.

rejection has already been affirmed on appeal,[2] ECF No. 682.  The Court therefore declines to reconsider Fiorito's arguments about his grandson, ankles, and feet, since a Rule 60(b) motion "should not be employed to relitigate old issues[.]"  *United States v. Whitefeather*, No. 05-388 (DWF), 2020 WL 5088683, at *2 (D. Minn. Aug. 28, 2020); *see also Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999) (noting Rule 60(b) "is not a vehicle for simple reargument on the merits").

As to the new arguments and evidence:  The Court rejects them for two reasons.  First, since almost all of this information was available to Fiorito at the time that he filed his motions for compassionate release, this information does not create an exceptional circumstance warranting relief under Rule 60(b).[3]  *See Innovative Med. Sys., Inc. v. Augustine Med.*, 195 F. App'x 532, 533 (8th Cir. 2006).  Second, this information was not presented to the BOP, as Fiorito was required to do before relying on this information in

---

[2]In fact, the Court notes that Fiorito also already presented many of the grounds mentioned in his Rule 60(b) motion to the Eighth Circuit in his petition for rehearing.  Def.'s Pet. for Reh'g, *United States v. Fiorito*, No. 20-2843 (8th Cir. Sept. 25, 2020); *see Hart v. C.I.R.*, 730 F.2d 1206, 1207 n.4 (8th Cir. 1984) ("[F]ederal courts may *sua sponte* take judicial notice of proceedings in other courts if they relate directly to matters at issue.").  The Eighth Circuit denied Fiorito's petition.  Order Den. Pet. for Reh'g, *United States v. Fiorito*, No. 20-2843 (8th Cir. Oct. 20, 2020).

[3]Fiorito blames his attorney for failing to include several pieces of evidence and several arguments in the briefing on the motions for compassionate release.  However, "neither ignorance nor carelessness on the part of an attorney will provide grounds for 60(b) relief."  *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969); *see also Sutherland v. ITT Cont'l Baking Co.*, 710 F.2d 473, 476–77 (8th Cir. 1983) ("Rule 60(b) has never been a vehicle for relief because of an attorney's incompetence or carelessness.").

seeking compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring presentation of claims for release to warden); *United States v. Young*, No. 18-196(2) (DWF/KMM), 2020 WL 5350295, at *3 (D. Minn. Sept. 4, 2020) ("[T]he Court cannot consider a motion for compassionate release that is based on evidence or arguments that weren't presented to the Bureau of Prisons first." (internal quotation marks and citation omitted)).  By presenting new arguments and evidence in his Rule 60(b) motion, Fiorito is attempting to evade the § 3582(c)(1)(A) exhaustion requirement, which the Court will not permit him to do.

For these reasons, the Court denies Fiorito's motion for reconsideration.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Michael Fiorito's motion for reconsideration [ECF No. 683] is DENIED.

Dated:  December 8, 2020      s/Patrick J. Schiltz
                              Patrick J. Schiltz
                              United States District Judge