UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07-CR-0212(1) (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL FIORITO, | |
| Defendant. | |

Defendant Michael Fiorito was convicted by a jury of mail fraud and conspiracy to commit mail fraud. The Court sentenced him to 270 months' imprisonment and ordered him to pay restitution in the amount of $338,529.89. ECF No. 436 at 5. The Court's judgment includes the following payment schedule:

> While incarcerated, the defendant must make payments as follows: If the defendant is working UNICOR, he must make monthly payments of at least 50 percent of his earnings. If the defendant is not working UNICOR, he must make quarterly payments of at least $25.

*Id.* at 6.

This matter is before the Court on Fiorito's motion concerning this restitution obligation. Fiorito complains that the Bureau of Prisons ("BOP") has recently increased his required payment from $50 per quarter to $285 per month. ECF No. 694. The government argues that Fiorito is complaining about the execution of his sentence and that he must therefore exhaust his remedies before seeking relief in a separate civil

action under 28 U.S.C. § 2241.  *See United States v. Bugh*, No. 98-CR-0308(2) (PJS), 2012 WL 3230530, at *1 (D. Minn. Aug. 6, 2012).  Fiorito contends that this is a misconstruction of his motion.  He contends that he is seeking a modification of his payment schedule pursuant to 18 U.S.C. § 3664(k), under which a court may modify a payment schedule when it is notified of a material change in the defendant's economic circumstances.  Specifically, Fiorito seeks a modification of the judgment to specify a fixed quarterly payment rather than "at least" $25 per quarter.

The Court tends to agree with the government that this is in reality a complaint about the execution of Fiorito's sentence—in particular, the fact that the BOP increased the amount he must pay under the payment schedule—that should be brought as a separate civil action under § 2241.  Taking Fiorito at his word that this is a motion under § 3664(k), however, his motion is denied.

As noted, the payment schedule specified in the judgment requires that Fiorito pay "at least" a certain amount.  Fiorito does not contend (or point to any evidence) that he cannot pay the minimum specified amount.  Nor does he offer evidence that he will *never* be able to pay more than the minimum, which is what he would have to show to justify the modification that he seeks.  Again, if Fiorito believes that the BOP made a mistake (or did something more nefarious) in determining that he is able to pay more,

then he must seek relief through a § 2241 action.  Insofar as Fiorito seeks a modification under § 3364(k), however, his motion is without merit.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion [ECF No. 694] is DENIED.

2. The government's motion to dismiss [ECF No. 698] is DENIED AS MOOT.

Dated: June 23, 2022  s/Patrick J. Schiltz  
Patrick J. Schiltz  
United States District Judge