UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                    Case No. 07-CR-0212 (PJS/JSM)

                    Plaintiff,

v.                                                                    ORDER

MICHAEL FIORITO,

                    Defendant.

Michael Fiorito, pro se.

Defendant Michael Fiorito is serving a 270-month sentence after being convicted of six counts of mail fraud and one count of conspiracy to commit mail fraud. ECF No. 436 at 1–2. This matter is before the Court on his third motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 693. For the reasons that follow, the motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). Because § 1B1.13 was issued when the Bureau

of Prisons ("BOP") had the sole authority to bring motions for release under

§ 3582(c)(1)(A), the guideline by its terms is limited to motions filed by the BOP.  As a

result, a number of circuits have held that § 1B1.13 applies only to motions filed by the

BOP, and not to motions filed by defendants on their own behalf.  *See, e.g.*, *United States*

*v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).

The Eighth Circuit has not resolved this issue, but the court has recently clarified

that, although district courts should not treat § 1B1.13 as binding, they may not ignore it

altogether.  *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).  That holding

accords with this Court's approach of affording deference to § 1B1.13's definition of

"extraordinary and compelling."  *See United States v. Logan*, 532 F. Supp. 3d 725, 730

(D. Minn. 2021).  Thus, while the Court recognizes that it has the discretion to grant a

sentence reduction even in circumstances that do not comport with the terms of

§ 1B1.13, the Court continues to treat § 1B1.13 as a useful guide in determining how to

exercise its discretion.

Fiorito identifies his deteriorating health and mobility, the risk of contracting

COVID-19, and "the uniquely harsh conditions present in the federal prison

environment" as reasons justifying early release.  ECF No. 693 at 2–4.  With respect to

COVID-19, Fiorito points out that he has two co-morbidities (morbid obesity and

rheumatoid arthritis) that put him at greater risk of severe illness if he were to become

infected. *Id.* at 3. Fiorito also contends that the 15 years of his sentence that he has already served "is a sufficient length of time to promote respect for the law, punish [him] and deter others from engaging in [his] conduct." *Id.*

None of Fiorito's reasons rises to the level of "extraordinary and compelling" circumstances that would justify a sentence reduction. *First*, none of his purported health problems is "terminal." U.S.S.G. § 1B1.13 cmt. n.1(A)(i). Moreover, he has not alleged—let alone demonstrated—that his deteriorating eyesight and mobility have "substantially diminishe[d]" his ability "to provide self-care within the environment of a correctional facility . . . ." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). And Fiorito has not otherwise explained why his health conditions are "extraordinary and compelling" circumstances justifying his early release. The Court sympathizes with Fiorito, but his health conditions are shared by many of those in BOP custody, and the BOP is capable of providing adequate care for those conditions.

*Second*, the general risk of being infected with COVID-19 in prison is not an "extraordinary and compelling" reason for early release. Fiorito does not say whether he has received the COVID-19 vaccine, but it is available to him, and has been available to him for well over a year.[1] The vaccine greatly reduces the risk that COVID-

---

[1]*See FDA Takes Key Action in Fight Against COVID-19 By Issuing Emergency Use Authorization for First COVID-19 Vaccine*, FDA, https://www.fda.gov/news-events/press-announcements/fda-takes-key-action-fight-aga

(continued...)

19 poses to Fiorito, even with his alleged co-morbidites.  *See United States v. Broadfield*, 5

F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a

vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary

and compelling' reason for immediate release."); *United States v. Cesario*, No. 14-CR-0092

(PJS/TNL), 2021 WL 2201550, at *1 (D. Minn. June 1, 2021) ("[C]ourts have found that a

risk of serious complications from COVID-19 is not extraordinary and compelling when

experienced by a vaccinated inmate.").  In addition, according to the Bureau of Prisons,

Fiorito is currently incarcerated at Victorville Medium II FCI in California, where, as of

this writing, there are only four active infections among more than 1000 inmates.[2]

Fiorito does not appear to be at much more risk of contracting COVID-19 at Victorville

than he would be in the community.

    *Third,* any modifications to normal operations that the Bureau of Prisons has

imposed in light of the ongoing pandemic do not, on their own, present "extraordinary

and compelling" circumstances to reduce Fiorito's sentence.  The measures about which

Fiorito complains are experienced by all of those in BOP custody; there is nothing

_____

    [1](...continued)
inst-covid-19-issuing-emergency-use-authorization-first-covid-19 (Dec. 11, 2020).

    [2]*See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last
visited June 28, 2022); *Coronavirus*, Fed. Bureau of Prisons,
https://www.bop.gov/coronavirus (last visited June 28, 2022); *FCI Victorville Medium II*,
Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/vvm/ (last visited
June 28, 2022).

"extraordinary" about Fiorito's experience.  *See United States v. Arafat*, No. 12-CR-0045 (SRN/JJG), 2021 WL 3721849, at *6 (D. Minn. Aug. 23, 2021) ("While prison life is atypical during this period, the BOP's modified operations place the same restrictions on each inmate.  To find that the effects of modified operations constitute an extraordinary and compelling reason for a sentence reduction would undermine the BOP's comprehensive anti-COVID-19 measures, and undercut the specific criteria used to determine individual inmates' eligibility for sentence reductions.").

Even if Fiorito had provided an extraordinary and compelling reason for release, the Court would nevertheless deny his motion because the § 3553(a) factors weigh against releasing him.  As the Court noted in its order denying Fiorito's prior motions for compassionate release, Fiorito is a "uniquely troubled" defendant with an extremely long and serious criminal record.  He has been convicted of numerous crimes, and sentenced to custody on numerous occasions, and yet he has always returned to crime. Fiorito has provided no reason to believe that he is "any less dishonest" or "any less prone to commit crimes" than when he was originally sentenced.   ECF No. 671 at 6.

The Court also disagrees with Fiorito that serving 15 years of his sentence has been "sufficient" to satisfy the § 3553(a) factors.  Releasing Fiorito now would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or afford adequate deterrence.  *See* 18 U.S.C. § 3553(a)(2)(A)–(B).

-5-

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT Fiorito's motion for a sentence reduction [ECF

No. 693] is DENIED.

Dated: June 28, 2022                          s/Patrick J. Schiltz
                                              Patrick J. Schiltz
                                              United States District Judge