UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07-CR-0212 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL FIORITO, | |
| Defendant. | |

Michael Fiorito, pro se.

Defendant Michael Fiorito is serving a 270-month sentence after being convicted of mail fraud and conspiracy to commit mail fraud. ECF No. 436 at 1–2. This matter is before the Court on his fourth motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 711. For the reasons that follow, the motion is denied.[1]

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a

---

[1] Fiorito also asks that the Court consider referring his motion to a different judge. This is in essence a request that the undersigned recuse, which the Court rejects. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *id.* ("opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible").

reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). Because § 1B1.13 was issued when the Bureau of Prisons ("BOP") had the sole authority to bring motions for release under § 3582(c)(1)(A), however, the guideline by its terms is limited to motions filed by the BOP. Consistent with *United States v. Marcussen*, 15 F.4th 855 (8th Cir. 2021), the Court continues to treat § 1B1.13 as a useful guide in determining how to exercise its discretion while also recognizing that it has the authority to grant a reduction even in circumstances that do not comport with the terms of that provision.

As in previous motions, Fiorito claims that he should be released due to his deteriorating health and the BOP's alleged refusal to provide medical care. In support of these claims, Fiorito provides three pages of medical records dating from 2019. ECF No. 711-1 at 2–3, 13. The Court has already explained why Fiorito's claims of lack of medical care are not credible, *see* ECF No. 671 at 4–5, and likewise has already found that his medical complaints do not qualify as extraordinary and compelling reasons warranting a reduction in his sentence, *see* ECF No. 702. Fiorito's submission of a few pages of medical records dating from around the time he filed his first motion for compassionate release do not alter the Court's conclusions.

Fiorito also argues that he should be released because he is rehabilitated, because his sentence is unusually long and harsh, because recent and anticipated changes to the Sentencing Guidelines would reduce his Guidelines range, and because his adult daughter and grandson need his care. He also contends that the Court should order the BOP to calculate his good-time credits and start the process of releasing him, or, alternatively, grant him a reduction of 118 days to reflect credit that, he contends, the BOP is unlawfully withholding from him.

None of these alleged circumstances constitute extraordinary and compelling reasons warranting release. To begin with, as the Court has previously noted, the Court has its doubts that Fiorito is rehabilitated. *See* ECF No. 671 at 3–7. Even if he is, that alone does not constitute an extraordinary and compelling circumstance. 28 U.S.C. § 994(t). The Court fully considered the factors bearing on the length of Fiorito's sentence at his sentencing hearing and specifically noted that, even if his Guidelines range were lower, the Court would still impose the same sentence. ECF No. 460 at 58. Moreover, Fiorito was assessed 20 criminal-history points, *id.* at 5, and therefore Fiorito would still be in criminal-history category VI even if he were given the benefit of the anticipated amendment concerning "status" points under U.S.S.G. § 4A1.1(d). With respect to his family circumstances, Fiorito offers no proof that his daughter and grandson have no one else to care for them. And finally, Fiorito's allegation that the

BOP is denying him good-time credit to which he is entitled does not qualify as an extraordinary and compelling reason. Such allegations are common, not extraordinary, and the proper vehicle to seek the relief Fiorito requests is through an action under 28 U.S.C. § 2241 brought in the district of confinement. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *United States v. Chacon-Vega*, 262 F. App'x 730, 731 (8th Cir. 2008) (per curiam).

Finally, even if Fiorito had identified an extraordinary and compelling reason, the Court would still deny his motion because, as it has already found, the § 3553(a) factors weigh against releasing him. *See* ECF No. 702 at 5.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for a sentence reduction [ECF No. 711] is DENIED.

Dated: August 14, 2023         s/Patrick J. Schiltz
                               Patrick J. Schiltz, Chief Judge
                               United States District Court